UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOEL GIVON,<br><br>                Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | Civil Action No. 05-1264  (JR) |

## MEMORANDUM OPINION

This matter is before the Court on consideration of defendant's motion to dismiss. Having considered the motion and plaintiff's opposition, the motion will be granted.

### I.  BACKGROUND

Plaintiff is a United States citizen who currently resides in Israel.  Complaint ("Compl.") at 1.[1]  It appears that plaintiff has been a psychiatric patient at hospitals in New Jersey and Israel on six occasions since September 2002.  *See id*. at 2.  He states that he has a "very serious disability" and that he has been unable to work since 1992.  *Id*. at 2.

On February 9, 1996, plaintiff applied to the Social Security Administration ("SSA") for disability benefits.  Memorandum in Support of Defendant's Motion to Dismiss the Complaint ("Def.'s Mot."), Ex. A ("Ray Decl.") ¶ 3(a).  SSA determined that the date of onset of plaintiff's disability was September 6, 1992.  *Id.*  He was entitled to receive benefits as of February 1995

---

[1] Plaintiff initially filed his complaint in the United States District Court for the District of New Jersey.  That court transferred the case to this district pursuant to 42 U.S.C. § 405(g).

because benefits could be paid retroactively to cover the 12-month period prior to the filing of the application.[2]  *Id.*  Plaintiff did not appeal this determination.  *Id.*

Plaintiff contends that he is entitled to retroactive payment of disability benefits from 1992, as of the onset of his disability.  In this action, he challenges SSA's refusal to pay benefits for the intervening years.  Opposition to Motion to Dismiss ("Pl.'s Opp."), Ex. A ¶ 5.

## II.  DISCUSSION

Generally, a claimant must exhaust his available administrative remedies before seeking judicial review of an agency's decision.  *See Ryan v. Bentsen*, 12 F.3d 245, 247 (D.C. Cir. 1993).  For purposes of the Social Security Act, the Commissioner "may specify such requirements for exhaustion as he deems serve his own interests in effective and efficient administration."  *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975).  SSA regulations provide for four levels of review.

The SSA initially determines an applicant's entitlement to and amount of benefits.  *See* 20 C.F.R. § 404.902(a), (c).  If an applicant is dissatisfied with SSA's initial determination, he may request reconsideration.  *See* 20 C.F.R. §§ 404.900(a)(2), 404.907.  If he is dissatisfied with the decision on reconsideration, the applicant may request a hearing before an Administrative Law Judge ("ALJ").  *See* 20 C.F.R. §§ 404.900(a)(3), 404.929.  An ALJ's decision may be appealed to the Appeals Council.  *See* 20 C.F.R. §§ 404.900(a)(4), 404.967.  Only after the

---

[2]  As of an unspecified date in 2002, plaintiff received a monthly disability benefit of $820.20.  *See* Compl., Attach. (letter from W.B. Hurt, Associate Commissioner for Central Operations, SSA).  His two minor children each received $205.20 through representative payee.  *Id*.  The family thus received $1,230.60 each month, the maximum amount allowed by law.  *Id.*

Commissioner renders a final decision may the applicant seek judicial review.  *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.900(a)(5).[3]

An applicant's failure to obtain a final decision means that he cannot seek judicial review. *See Sims v. Apfel*, 530 U.S. 103, 107 (2000) (nothing that, for claimant who "fails to request review from the Appeals Council, there is no final decision and, as a result, no judicial review in most cases"); *Heckler v. Ringer*, 466 U.S. 602, 605 (1984) (noting that judicial review of Medicare Act claims "is available only after the Secretary renders a 'final decision' on the claim, in the same manner as is provided in 42 U.S.C. § 405(g) for old age and disability claims arising under Title II of the Social Security Act").

The exhaustion requirement, however, can be waived.  *See Mathews v. Eldridge*, 424 U.S. 319, 328 (1976).  There are two judicially recognized exceptions to the exhaustion requirement.  First, waiver can occur when the issue decided by the Commissioner is one of constitutional dimension and exhaustion would be futile.  *See Weinberger v. Salfi*, 422 U.S. at 765-66.  Waiver is also recognized when the claimant's challenge is collateral to his claim of entitlement to benefits and he would suffer irreparable harm if forced to exhaust.  *See Mathews v. Eldridge*, 424 U.S. 330-31; *Ryan v. Bentsen*, 12 F.3d at 248.  Neither situation applies to plaintiff's case.

---

[3]     In relevant part, 42 U.S.C. § 405(g) provides that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

*Id.*

III.   CONCLUSION

Plaintiff did not exhaust his administrative remedies prior to filing this lawsuit.  There was no "final decision" and thus plaintiff is not entitled to seek judicial review.  In addition, plaintiff's case does not fall into either of the exceptions to the exhaustion requirement.   He merely filed a claim for benefits, and did not challenge its initial denial through an ALJ and the Commissioner.  Accordingly, defendant's motion to dismiss will be granted.  An Order consistent with this Memorandum Opinion will be issued separately on this same date.


JAMES ROBERTSON
United States District Judge